AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

SOUTHERN District of NEW YORK

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| John Evers | Case Number: 07 CR 687 (KMK) |
| | USM Number: 60214-054 |
| | Alexander Bateman, Jr., Esq. |
| | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s) 1

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 USC 371 | Conspiracy to Commit Bank Fraud, Mail Fraud and Securities Fraud | February, 1998 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 29, 2007
Date of Imposition of Judgment

_[signature]_
Signature of Judge

Hon. Kenneth M. Karas, U.S.D.J.
Name and Title of Judge

12/18/07
Date

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

AO 245B (Rev. 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 6

DEFENDANT: John Evers
CASE NUMBER: 07 CR 687 (KMK)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: time served

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
         Sheet 3 — Supervised Release

Judgment—Page __3__ of __6__

DEFENDANT:       John Evers
CASE NUMBER:     07 CR 687 (KMK)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :   2 years of supervised release on Count 1

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3A — Supervised Release

Judgment—Page __4__ of __6__

DEFENDANT:      John Evers
CASE NUMBER:    07 CR 687 (KMK)

## ADDITIONAL SUPERVISED RELEASE TERMS

The Defendant will provide the Probation Officer with access to any and all requested financial information.

The Defendant will not incur any new credit charges or open additional lines of credit without the approval of the Probation Officer unless the defendant is in compliance with the installment payment schedule.

It is recommended that the Defendant is to be supervised by the district of residence.

Restitution will be paid in the amount of $1,830,526.00: $833,026.00 to be paid jointly and severally with Gary J. Confredo and Natalio Lucangelli; $997,500.00 to be paid jointly and severally with Jordan Drew at a rate of 10% of the Defendants gross monthly income.

The Defendant will pay a special assessment in the amount of $100.00.

DEFENDANT: John Evers
CASE NUMBER: 07 CR 687 (KMK)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ 1,830,526.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| See attached | | | |
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:     John Evers
CASE NUMBER:   07 CR 687 (KMK)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   X   Lump sum payment of $ __100.00__ due immediately, balance due

      ☐ not later than _____ , or
      ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B   ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   X   Special instructions regarding the payment of criminal monetary penalties:

    10% of gross monthly income is to go to restitution. Payments to be made to the Clerk's Office for appropriate disbursement to the victims identified in the attachment. The Defendant is to advise the U.S. Attorney's Office for the Southern District of New York if Defendant changes his mailing or residential address.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

X   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

    $833,026.00 to be paid jointly and severally with Gary J. Confredo (S4 97 CR 1045(LBS)) and Natalio Lucangelli (99 CR 527 (JSR))
    $997,500.00 to be paid jointly and severally with Jordan Drew (02 CR 1322(LAP))

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

The fraudulent loan scheme resulted in an actual loss of $833,026, which is broken down as follows. Restitution should be joint and several with Gary J. Confredo (S4 97 CR 1045(LBS)) and Natalio Lucangeli (99 CR 627(JSR)).

| VICTIM | PARENT CORPORATION/ ADDRESS | LOSS AMOUNT |
|---|---|---|
| Citibank, N.A. | Citigroup, Inc. Legal Department 399 Park Avenue New York, NY 10043 NY Tel.: 212-559-1000 Toll Free: 800-285-3000 | $150,000 |
| Bank of America (formerly Fleet Bank) | Bank of America Corp. (Headquarters) 100 North Tryon Street Charlotte, NC 28255 Tel.: 704-386-5681 Fax: 704-386-6699<br><br>Bank of America Corp. Legal Department 1425 Northwest 62nd Street Department FL6-001-02-11 Ft. Lauderdale, FL 33309 | $100,000 |
| Key Credit Corp. | Key Credit Corp. (Headquarters) 555 Sun Valley Drive, Ste. N1 Roswell, GA 30076<br><br>100% of capital stock owned by officers: Neil Roth and Neil M. Wagner. | $89,000 |

| VICTIM | PARENT CORPORATION/ ADDRESS | LOSS AMOUNT |
|---|---|---|
| Colonial Pacific Leasing Corp. | General Electric Co. (Headquarters)<br>Legal Department<br>3135 Easton Turnpike<br>Fairfield, CT 06828-0001<br>Tel.: 203-373-2211 | $89,000 |
| Advanta Leasing | Advanta Corp. (Headquarters)<br>Welse and McKean Roads<br>P.O. Box 844<br>Spring House, PA 19477-0844 | $28,000 |
| Leasing Funding Center, Inc. | Unknown | $45,000 |
| North Fork Bank | Capital One Financial (Headquarters)<br>1680 Capital One Drive<br>McLean, VA 22102<br>Tel.: 703-720-1000<br><br>Capital One Financial<br>Legal Department<br>15000 Capital One Drive<br>Richmond, VA 23228 | $222,026 |
| ICON Capital Corp. | ICON Holdings Corp. (Headquarters)<br>Legal Department<br>100 5th Avenue, 4th Floor<br>New York, NY 10001<br>Tel.: 212-410-4700 | $45,000 |
| Unisys | Unisys Corp. (Headquarters)<br>Legal Department<br>Unisys Way<br>Blue Bell, PA 19424<br>Tel.: 215-986-4011 | $65,000 |
| TOTAL | | $833,026 |

The fraudulent private placement scheme resulted in losses of approximately $997,500 to about 132 investors, most of whom were individuals. Restitution should be joint and several with Jordan Drew (02 CR 1322(LAP)). Victim impact statements are awaited from the Government. The loss is divided as follows.

| SHAREHOLDER | LOSS AMOUNT |
|---|---|
| A G Edwards & Sons, Inc.<br>One North Jefferson<br>St. Louis, MO 63103 | $7,500 |
| Charles Schwab & Co. Inc.<br>P.O. Box 193756<br>San Francisco, CA 94119 | $5,000 |
| Morgan Stanley<br>(formerly Dean Witter Reynolds Inc.)<br>1221 Avenue of the Americas<br>5th Floor<br>New York, NY 10036 | $20,000 |
| Lewco Securities Corp.<br>P.O. Box 2023<br>Jersey City, NJ 07303 | $5,000 |
| UBS<br>(formerly Paine Webber)<br>1000 Harbor Blvd.<br>Weehawken, NJ 07086 | $5,000 |
| Prudential Securities<br>1 New York Plaza<br>New York, NY 10292 | $10,000 |
| R & J Co.<br>801 Nicollet Mall<br>#1100<br>Minneapolis, MN 55402 | $5,000 |
| Alcorn Family Trust | $10,000 |

| | |
|---|---|
| John Allen<br>Michele Allen | $5,000 |
| Annemarie Ammann | $5,000 |
| Bankers Trust<br>Auer & Co.<br>Church Street Station<br>Box 704<br>New York, NY  10015 | $10,000 |
| Daniel N. Barber | $7,500 |
| Joseph Barrington | $5,000 |
| Daniel W. Bastien | $5,000 |
| William E. Bates | $5,000 |
| Gerald E. Becker | $2,500 |
| Daryl A. Biehn | $5,000 |
| Gene Bilobram | $5,000 |
| Steve Caskey | $15,000 |
| Estelle Charkin | $2,500 |
| Glen Clark | $5,000 |
| Allen Y. Cohen | $5,000 |
| Crystal Conn<br>Michael Conn | $5,000 |
| Edward Conroy | $5,000 |
| Charles Crew | $30,000 |
| Sandee Cristo Trust<br>Steve Vlach | $15,000 |
| Thomas Cummings | $10,000 |
| Dad & Co.<br>Box 5015<br>Great Falls, MT  59403 | $5,000 |

| | |
|---|---|
| Charles Deneis | $2,500 |
| Richard R. Depoppe | $5,000 |
| Craig Deziel | $5,000 |
| Jacob Leon Dickman | $5,000 |
| Richard Dickstein | $10,000 |
| Steve Dison | $7,500 |
| Rod Eaton | $10,000 |
| Gregory Engel | $25,000 |
| Robert Faccenda | $20,000 |
| Eric Farnum | $5,000 |
| Rosa Farruggfia | $2,500 |
| Gabby Gadah | $5,000 |
| George Fam. Ltd. Prtshp. Henry & Alta | $10,000 |
| Thomas Georgeff | $5,000 |
| Ray Gott | $5,000 |
| Alan Grayson | $5,000 |
| Paul Gregory | $5,000 |
| James Grossman Lynn Grossman | $5,000 |
| Roger Gruber | $5,000 |
| John Gurry | $5,000 |
| Paul Harnung | $25,000 |
| Chris Hatfield | $5,000 |
| Gary Hawker | $5,000 |
| Oren Hefner | $5,000 |

| | |
|---|---|
| E.W. Hibbard | $5,000 |
| John Hurley<br>Patsy Hurley | $7,500 |
| Independent Trust Corp.<br>c/o Rob D. Faccender Jr. | $15,000 |
| Bhupendra Jariwala | $5,000 |
| Melrose Johnson | $12,500 |
| Ira Kaufman | $5,000 |
| L. Allen Kearns | $5,000 |
| Marilyn Kessler | $2,500 |
| George Kinkle Family Trust | $10,000 |
| Gordon Klofstad | $5,000 |
| Patricia Korman<br>(for Harvey Korman, deceased) | $5,000 |
| Herbert Lauterbach | $10,000 |
| Lucy Lehedowicz | $5,000 |
| John Lognecker | $5,000 |
| Gerald Manzi | $2,500 |
| Steve Marr | $5,000 |
| Charles F. Martell<br>Dolores Martell | $7,500 |
| James McGonagle<br>Mary McGonagle | $10,000 |
| Vernon McMath | $5,000 |
| Tim Mitchell | $10,000 |
| Robert Moon | $10,000 |

| Mt. Sophris Trust<br>c/o Steve Vlach | $10,000 |
|---|---|
| Donald O. Murray, MD | $10,000 |
| National Financial Services<br>200 Liberty Street<br>1 World Financial Center<br>New York, NY 10281 | $5,000 |
| National Investor Services<br>55 Water St., 32nd Floor<br>New York, NY 10041 | $10,000 |
| Ron Nedry | $10,000 |
| Donald O'Murray | $10,000 |
| Dan Ockner | $5,000 |
| Gerald Oster | $5,000 |
| Michael Parish | $5,000 |
| Ketul J. Parikh | $5,000 |
| Lindsey Perry | $15,000 |
| Kapel Pettway Sr. | $10,000 |
| Piper Jaffray, Inc.<br>222 South 9th Street<br>Minneapolis, MN 55440 | $5,000 |
| Nicholas Porchina | $5,000 |
| Norman Proudfoot | $5,000 |
| Ray Pryor | $10,000 |
| Kai Qian | $5,000 |
| Xai Qiu | $5,000 |
| Radiological Consult.<br>1401 N. Turner<br>Hobbs, NM 88240 | $7,500 |

| Radiological Group<br>1401 N. Turner<br>Hobbs, NM  88240 | $20,000 |
|---|---|
| Michael Richie | $5,000 |
| Stan Robbins | $10,000 |
| Arlene Robinson<br>Edmund Robinson | $2,500 |
| Ted Royer | $5,000 |
| Greg Sablic | $10,000 |
| Joseph Saxe | $5,000 |
| Katherine Schleff | $5,000 |
| Kevin Schoenbeck | $10,000 |
| Donald Scott | $5,000 |
| Eugene Shelton | $5,000 |
| Steven Sherbak | $10,000 |
| Frances W. Sifford | $5,000 |
| Howard Slasman | $10,000 |
| Margret Snyder | $5,000 |
| John Sours | $5,000 |
| Jack Spence | $5,000 |
| Louis Spinney | $5,000 |
| August Stoffel | $5,000 |
| Les Sugar | $10,000 |
| Alan Thompson | $7,500 |
| Anthony Totillo | $5,000 |
| Tom Tucker | $7,500 |
| Raymond Ulmer | $10,000 |

| | |
|---|---|
| Ilone Underheim | $5,000 |
| Frank Vengrofski | $5,000 |
| Howard Visscher | $5,000 |
| Steve Vlach | $25,000 |
| Jeffery Wagner | $5,000 |
| Donna Waldo | $7,500 |
| Kristen Walen | $10,000 |
| Bruce Wazinski | $10,000 |
| Wells Fargo (formerly Norwest Bank) 350 N. Last Chance Gulch St. Helena, MT 59601 | $10,000 |
| James White | $5,000 |
| Mike Wilenski | $5,000 |
| George Winslow Sandra Winslow | $5,000 |
| Charles Woods | $5,000 |
| Carol Young/Young Family Ptrns LP | $10,000 |
| James Zelinskie | $5,000 |
| Victor Zeoli | $10,000 |
| **TOTAL** | **$997,500** |